FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2002 AUG 30  P 2: 54

CLERK'S OFFICE
AT BALTIMORE

_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SMITH-BERCH, INC. | : |
| v. | : CIVIL NO. CCB-98-1821 |
| BALTIMORE COUNTY, MARYLAND, ET AL. | : |

...oOo...

**MEMORANDUM**

The plaintiff in this case filed a Motion to Reopen and for Civil Contempt, alleging that Bill No. 39-02 recently passed by the Baltimore County Council violates this court's order of July 26, 2000. The issues were briefed and oral argument was heard on August 29, 2002. For the reasons that follow, the plaintiff's motion will be granted in part and denied in part.

On July 26, 2000, the court issued a Memorandum and Order ruling on the parties' cross-motions for summary judgment. 115 F.Supp.2d 520; see also 68 F.Supp.2d 602 (D.Md. 1999). In its motion for summary judgment, Smith-Berch, Inc. requested the court to (1) declare defendants' practice of requiring methadone treatment programs to participate in a hearing in order to locate in Baltimore County a violation of Title II of the ADA, 42 U.S.C. 12132; and (2) enjoin defendants from treating methadone treatment programs differently from other medical offices for purposes of zoning and from preventing Smith-Berch, Inc. from establishing a methadone treatment program in the County. The plaintiff's motion was granted; the defendants' motion was denied. In a confidential settlement agreement the parties agreed that the court would retain jurisdiction to enforce the agreement and the ruling on the claim for declaratory/injunctive relief.[1]

---

[1] This agreement has not been filed with the court, but the County's attorney acknowledged the existence of this provision at oral argument.



On April 15, 2002, just as two unrelated methadone treatment programs were about to open in Baltimore County, and during the course of the plaintiff's attempt to negotiate a lease for its planned methadone treatment program, the Baltimore County Council passed Bill No. 39-02, repealing and amending certain portions of the Baltimore County Zoning Regulations. Under this Bill, while the definition of "medical office" is unchanged,[2] methadone treatment centers are grouped with alcohol and drug treatment centers, and several other facilities not previously classified as medical offices, into a new category called "state-licensed medical clinics." Affirmation of Ellen Weber, Ex. D. These facilities are subject to a hearing and special exception requirement not applied to "medical offices," a 750 foot set-back from a residential zoning line requirement not applied to "medical offices," and off-street parking conditions not applied to "medical offices." On May 13, 2002, Smith-Berch filed the present motion.

The first question to be resolved is jurisdictional. Despite the parties' agreement that the court should exercise continuing jurisdiction to enforce its order, the County suggested at oral argument that jurisdiction is precluded under Associated General Contractors of America v. Columbus, 172 F.3d 411 (6th Cir. 1999). That case, however, is readily distinguishable. The element of injunctive relief found to exceed the district court's jurisdiction was its attempt to preclude the City from enacting new legislation without the court's prior approval. Id. at 419. Here, the court is asked to rule on whether legislation already enacted violates the order of July 26, 2000.[3] Accordingly, the court finds that it has jurisdiction to decide the plaintiff's

---

[2] The court's prior opinions establish that a methadone treatment center such as that proposed by Smith-Berch falls within the definition of a medical office. See 115 F.Supp.2d at 523-24; 68 F.Supp.2d at 624-25.

[3] Nor is the County's reliance in its Opposition on Tri-County Paving, Inc. v. Ashe County, N.C., 281 F.3d 430 (4th Cir. 2002) helpful, because the issue here does not implicate the

2

motion.

Smith-Berch requests a finding of civil contempt against the defendants.[4] To establish civil contempt, the plaintiff must show by clear and convincing evidence the following:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) . . . that the decree was in the movant's "favor"; (3) . . . that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) . . . that [the] movant suffered harm as a result.

Ashcroft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000) (quoting Colonial Williamsburg Found. v. The Kittinger Co., 792 F.Supp. 1397, 1405-06 (E.D. Va. 1992), aff'd, 38 F.3d 133, 136 (4th Cir. 1994)). Wilfulness is not an element, McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949), but the order must be clear, specific, and unambiguous. In re General Motors Corp., 61 F.3d 256, 258 (4th Cir. 1995). In this case, while the Order of July 26, 2000 granted the plaintiff's motion, it did not specifically incorporate the language of the plaintiff's requested relief. Accordingly, while I believe a reading of the Memorandum in conjunction with the Order makes clear that the plaintiff's requested relief is being granted, a clarification of the order is more appropriate than a finding of civil contempt. That clarification will be accomplished by explicitly stating the relief granted in a separate order.

Even without a finding of contempt, however, the court has the authority to enforce its prior order. Whether Bill 39-02 violates the terms of the injunctive relief entered by the court can be determined from a review of the Bill's provisions cited above. Clearly, the Bill subjects

---

Equal Protection Clause.

[4] Its request to "reopen" the case does not appear necessary, in light of the court's continuing jurisdiction to enforce its order.

methadone treatment centers to several onerous requirements, including the hearing and special exception, the set-back, and the parking conditions, that are not applied to other medical offices (except other alcohol and drug treatment programs). The County cannot comply with the Order simply by adding alcohol and drug treatment centers, and a few other facilities which were not in any event within the definition of medical office, to the category of entities that will be subjected to the hearing, special exception, and other requirements. Accordingly, I find that Bill 39-02 violates the Order of July 26, 2000.

The County also questions whether Smith-Berch has suffered any harm, since it has not reached the "permit" stage. Smith-Berch, however, is a party which had already established standing, obtained a valid Order, and now seeks to enforce it. It is actively involved in a renewed attempt to establish a methadone treatment program, and faces a substantive barrier in the form of a new bill that violates the terms of the injunctive relief it already obtained. This is sufficient to entitle Smith-Berch to seek a remedy. The appropriate remedy is an injunction precluding the County from enforcing the provisions of Bill 39-02 that apply to methadone drug treatment programs.

A separate Order follows.

8/30/02
Date

_Catherine C. Blake_
Catherine C. Blake
United States District Judge